10-5246-bk
In re Abbott

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of November, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
           REENA RAGGI,
                *Circuit Judges*,
           LAWRENCE E. KAHN,
                *District Judge*.[*]

-----------------------------------------------------------------------

IN RE: SUZAN ABBOTT,
                *Debtor*.

-----------------------------------------------------------------------

SUZAN ABBOTT,
                *Debtor-Appellant*,

          v.                        No. 10-5246-bk

AURORA LOAN SERVICES, LLC,
                *Creditor-Appellee*.[**]

-----------------------------------------------------------------------

FOR APPELLANT:      Suzan Abbott, *pro se*, White Lake, New York.

---

    [*] Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

    [**] The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLEE:          Gregg P. Tabakin, Fein, Such, Kahn & Shepard, P.C., Chestnut Ridge, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED as moot.

Appellant Suzan Abbott, proceeding pro se, appeals from the district court's judgment affirming bankruptcy court orders issued in Abbott's Chapter 7 proceedings, specifically: (1) the September 23, 2009 order granting Aurora Loan Services, LLC ("Aurora") relief from the automatic stay imposed under 11 U.S.C. § 362(a); (2) the September 28, 2009 order denying Abbott's motions to extend the automatic stay and for permission to sell her home; and (3) the May 4, 2010 order denying Abbott's motions to compel Aurora to produce the original promissory note and for a stay pending Abbott's appeal of the order granting Aurora's motion for relief from the automatic stay. "In an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo." In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005) (internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision.

On appeal, Abbott challenges the identified orders only on the ground that the bankruptcy court erred in recognizing Aurora's standing to participate in the bankruptcy

2

proceeding as a creditor because it held a promissory note executed by Abbott and secured by a mortgage on her home. That issue, however, is now moot.

The automatic stay terminated no later than October 30, 2009, the date on which Abbott received a discharge in bankruptcy. See 11 U.S.C. § 362(c)(2)(C). Thus, even if the bankruptcy court had not granted Aurora relief from the stay, the stay would not have prevented the foreclosure sale of Abbott's home on December 11, 2009, five weeks after discharge. Further, the foreclosure sale terminated Abbott's interest in her home, defeating the purpose of Abbott's appeal from the bankruptcy court's denial of her motion to sell her home. In sum, because we could not fashion effective relief even if we were to conclude that Aurora lacked standing to seek relief from the automatic stay, Abbott's appeal is moot, leaving this court without jurisdiction to give opinions as to matters no longer presenting a case or controversy. See Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992); In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir. 1993).

Accordingly, the appeal is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3